UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED:  9/12/2022
```

JUUL LABS, INC.,

        Plaintiff,

  -against-

SMOKE DEPOT OF LIU INC.

        Defendant.

20-cv-9735 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

  Plaintiff JUUL Labs, Inc. commenced this action on November 19, 2020 alleging Trademark Infringement in violation of 15 U.S.C. § 1114, False Designation of Origin in violation of 15 U.S.C. § 1125(a), Unfair Competition in violation of 15 U.S.C. § 1125(a), as well as other common law and New York law claims.  (ECF No. 1, the "Complaint".)  On August 14, 2019, Plaintiff became aware of trademark infringement of its products after one of its representatives purchased counterfeit goods at Defendant Smoke Depot.  (Complaint ¶ 22.)  Plaintiff's counsel mailed a cease-and-desist letter on October 9, 2019, which requested that Defendant contact Plaintiff's counsel to discuss pre-litigation resolution arising of the sale of the counterfeit goods. Defendant did not contact Plaintiff's counsel.  (Complaint ¶ 23.)  On December 11, 2019, another representative made an in-person purchase of a gray-market product (non-genuine JUUL products authorized for sale outside of the United States).  (Complaint ¶¶ 25–26.)

  Defendant Smoke Depot of Liu Inc. failed to answer the Complaint by the December 22, 2020 deadline, and the Clerk of the Court entered notice of Defendant's default on February 1, 2021.  (ECF No. 9.)  Plaintiff then filed a proposed Order to Show Cause for Default Judgment under Fed. R. Civ. P. 55(b), along with supporting documents.  (ECF Nos. 7–14.)  On September 8, 2022, the Court held a show cause hearing for default judgment.  Defendant failed to appear at that hearing.  The Court therefore considered the default judgment to be fully submitted.

Given Defendant's failure to appear in this action despite having been given appropriate notice of the Complaint and the Order to Show Cause hearing for default judgment, the Court GRANTS Plaintiff's request for default judgment.  However, while Plaintiff requests a $750,000 award, the Court will instead grant an award of $60,000, with post-judgment interest as provided funder federal law, 28 U.S.C. § 1961(a).  In addition, Defendant is further enjoined from continual infringement of Plaintiff's trademark rights.

Further, Plaintiff is *sua sponte* granted leave to seek attorney's fees.

## DISCUSSION

### A.  <u>Statutory Damages</u>

Under the Lanham Act, a plaintiff may elect to recover statutory damages for the unauthorized use of counterfeit marks rather than establishing actual damages or lost profits. 15 U.S.C. § 1117(c). "The statutory damages provision was added to the Lanham Act in 1996 to ensure that trademark owners would be "adequately compensated" and counterfeiters "justly punished" even in cases where actual damages were difficult to prove." *See JUUL Labs, Inc. v. GTB Fuel 2 Corp.*, No. 120CV1453GLSDJS, 2022 WL 2791204, at *2 (N.D.N.Y. June 28, 2022), *report and recommendation adopted*, No. 120CV1453GLSDJS, 2022 WL 2789247 (N.D.N.Y. July 15, 2022).  Courts have recognized that statutory damages are appropriate in the context of a default judgment, given the lack of disclosure available from the defaulting party.  *Id*. at *1 (citing *Tiffany (NJ) LLC v. QI Andrew*, 2015 WL 3701602, at *9 (S.D.N.Y. June 15, 2015).

The Lanham Act provides for a wide scope of statutory damages, in amounts ranging from $1,000 to $200,000 per counterfeit mark, or in the case of willful conduct, up to $2,000,000 per mark, to be apportioned "as the court considers just." 15 U.S.C. § 1117(c)(1) & (2).  Courts have broad discretion to award statutory damages within these prescribed ranges.  *Luxottica Grp. S.p.A. v. Wafa Ali, Inc.*, 2021 WL 2525098, at *4 (W.D.N.Y. June 21, 2021).

Here, Plaintiff seeks $750,000 in statutory damages, equivalent to $250,000 for each of the three trademarks that were infringed in the two purchases. (Declaration of R. Terry Parker (ECF No. 13) ¶ 24.) Plaintiff asserts that this amount is justified because of Defendant's willful infringement. (*Id*. ¶ 23.)

Plaintiff's complaint and supporting does support a finding that Defendant acted willfully in infringing Plaintiff's trademark rights, particularly because the violation continued after the cease-and-desist correspondence. *See GTB Fuel 2 Corp*, 2022 WL 2791204, at *2. In addition, Plaintiff convincingly pleads that Defendant must have obtained counterfeit goods from unauthorized suppliers, particularly as some of the JUUL goods being sold were unavailable in the United States. (Declaration of R. Terry Parker ¶ 20.) *See id*.; *see also Gucci Am., Inc. v. Duty Free Apparel, Ltd*., 315 F. Supp. 2d 511, 521-22 (S.D.N.Y. 2004), *amended in part*, 328 F. Supp. 2d 439 (S.D.N.Y. 2004) (willful ignorance, which can be inferred by selling products "acquired outside the customary chain of retail distribution" will suffice to trigger heightened damages). Lastly, willfulness can also be established by virtue of a defendant's default. *See GTB Fuel 2 Corp*, 2022 WL 2791204, at *2 (citing *Deckers Outdoor Corp. v. Huang*, 2017 WL 1842556, at *7 (E.D.N.Y. Apr. 20, 2017), *report and recommendation adopted*, 2017 WL 1854728 (E.D.N.Y. May 5, 2017)).

Nonetheless, even if Plaintiff convincingly argues that Defendant engaged in willful infringement, the statutory damages "should bear some relation to actual damages suffered." *See Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp*., 954 F. Supp. 2d 145, 155 (E.D.N.Y. 2013). In light of Plaintiff's inability to ascertain the scale of Defendant's counterfeiting operations or its lost profits, and the fact that Defendant is not alleged to be a large store, the Court is not inclined to award the large, $750,000 statutory damages amount that Plaintiff requests. *See GTB Fuel 2 Corp*, 2022 WL 2791204, at *3 (finding the $150,000 requested award where

Defendant was a small store, and Plaintiff failed to specify value of trademarks, scale of counterfeiting operations, and lost profits).

Courts in cases where JUUL Labs was a plaintiff and raised similar claims have determined that the $750,000 in statutory damages is grossly excessive, and instead have awarded damages hovering around $50,000. *See GTB Fuel 2 Corp*, 2022 WL 2791204, at *2 ("The Court therefore recommends an award of $20,000 per mark, multiplied by three marks, for a total of $60,000. An award of this size is well-supported by the caselaw involving infringing acts of a smaller scale"); *JUUL Labs Inc. v. Gates Mini Mkt. Corp*., No. 21CV3240ENVRER, 2022 WL 987430, at *8 (E.D.N.Y. Feb. 9, 2022) (awarding $50,000 total in statutory damages based on two sales of infringing counterfeit JUUL products), *report and recommendation adopted sub nom. JUUL Labs Inc. v. Gates Mini Mkt. Corp*, No. 21CV3240ENVRER, 2022 WL 1406640 (E.D.N.Y. May 4, 2022); *Juul Labs, Inc. v. EZ Deli Grocery Corp I,* No. 21CV2615MKBVMS, 2022 WL 819152, at *1 (E.D.N.Y. Mar. 18, 2022) (same).

In an analogous case, *JUUL Labs Inc. v. GTB Fuel 2 Corp.,* Plaintiff also raised seven claims, including four trademark claims, two unfair competition claims, and one claim of deceptive acts and practices under the New York General Business Law, and sought $150,000 in statutory damages reflecting $50,000 for each of the three JUUL Marks that were infringed in two purchases. *GTB Fuel 2 Corp*., 2022 WL 2791204 at *2. Recognizing that the "Lanham Act provides courts with broad discretion in determining an award that 'the court considers just,'" *id*., the Court awarded a total of $60,000 in enhanced statutory damages, $20,000 for each sale. *Id*. at *4. In another analogous case, *JUUL Labs Inc. v. Gates Mini Market Corp.,* the Court rejected JUUL Labs' seeking of $750,000 in statutory damages reflecting $250,000 for each of the three JUUL Marks that were infringed in two sales, and instead awarded a total of $50,000 based on the two purchases. *Gates Mini Market Corp*, 2022 WL 987430, at *6, 9.

4

Generally, other cases considering default judgment awards for small-scale Lanham Act violations have similarly landed around that ballpark for damages. *See Stark Carpet Corp. v. Stark Carpet & Flooring Installations, Corp.*, 954 F. Supp. 2d 145, 155 (E.D.N.Y. 2013) (collecting cases) (Noting that while "[a]wards of statutory damages in trademark cases run the gamut from under $100,000 to into the millions," "[c]ourts regularly award statutory damages in the realm of up to $50,000 as amounts that both account for a defendant's willful disregard of trademark laws and as a deterrent to others who might consider engaging in infringing conduct in the future."); *N. Atl. Operating Co., Inc. v. Evergreen Distributors, LLC*, 2015 WL 13856995, at *12 (noting that "courts award far less in statutory damages when the infringing acts are smaller in scale") (internal quotations omitted); *BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*, No. 17 Civ. 4079 (BCM), 2020 WL 2833666, at *1 (S.D.N.Y. May 31, 2020) (rejecting plaintiff's request for statutory damages of $75,000 per mark and awarding a total of $30,000 in statutory damages, or $15,000 per mark, when a store "sold one pack of counterfeit [ ] rolling papers (for $2.00) and one counterfeit [ ] rolling tray (for $10.00) to an investigator hired by [plaintiff].").

The Court therefore finds that an award of $60,000, reflecting $20,000 per mark infringed upon, is appropriate here.

**B. Post-Judgment Interest**

Post-judgment interest is typically awarded in these actions. *See* 28 U.S.C. § 1961 (a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *see also Gates Mini Mkt. Corp.*, 2022 WL 987430, at *8 (E.D.N.Y. Feb. 9, 2022) (recommending award of post-judgment interest at statutory rate given clear mandate of section 1961") (internal quotation and citation omitted). Therefore, the Court awards post-judgment interest to Plaintiff here.

## C.  **Permanent Injunction**

Finally, Plaintiff's request to enjoin Defendant from continuing its trademark infringement of Plaintiff's products is GRANTED.

Plaintiff seeks an injunction by this Court prohibiting Defendant, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, during the pendency of this action and permanently thereafter, from: (i) engaging or continuing to engage in the infringing, unlawful, unfair, or fraudulent business acts or practices described herein, including the marketing, sale, distribution, and/or other dealing in any non-genuine JUUL Products, including fake counterfeit products or unauthorized grey market products; (ii) using without permission any mark or other intellectual property right of JLI; (iii) acting to infringe the JUUL Marks; (iv) falsely designating the origin of any product to be from JLI; (v) engaging in unfair competition with JLI; or (vi) acting in any other manner to derogate JLI's intellectual property rights.

The Court may issue an injunction on default judgment if the plaintiff demonstrates that it is entitled to injunctive relief under the applicable statute and it satisfies the prerequisites for the issuance of an injunction." *Fed. Exp. Corp. v. JetEx Mgmt. Servs., Inc.*, No. 13-CV-04431 (CBA)(RER), 2014 WL 4628910, at *4 (E.D.N.Y. May 8, 2014) (citations omitted), *adopted by*, 2014 WL 4628983 (E.D.N.Y. Sept. 15, 2014). The Lanham Act authorizes permanent injunctions if a plaintiff demonstrates:

> "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Deckers Outdoor Corp.* WL 1842556, at *5–6.

First, Plaintiff demonstrates irreparable harm because it has shown a likelihood of confusion between its products and the counterfeit and gray markets sold by Defendant. (Complaint ¶ 35.)  *Streamlight, Inc*. 2019 WL 6733022, at *8 ("In trademark infringement cases under the Lanham Act, a party may show irreparable injury by demonstrating a likelihood of confusion.").

Second, Plaintiff has shown that monetary damages are inadequate to compensate Plaintiff of its future injury due to Defendant's ongoing infringements.  As plead by Plaintiff, Defendant continued engaging in trademark infringement even after Plaintiff sent a cease-and-desist letter.  . (Complaint ¶¶ 23–26.)  Therefore, this prong is satisfied.  *Gates Mini Mkt. Corp*., 2022 WL 987430, at *9 (second prong satisfied because Plaintiff's "use of a cease-and-desist letter failed to stop Gates from selling counterfeit and grey market goods.").

Third, the balance of hardships falls in Plaintiff's favor, as the continual sale of counterfeit and gray market JUUL products threatens Plaintiff's reputation, goodwill, and brand.  *Id*.

Finally, given that Defendant's counterfeit and grey market goods are not in compliance with U.S. Food and Drug Administration regulations (Complaint ¶¶ 25, 60), an injunction serves the public interest.  *Id*.

## CONCLUSION

Plaintiff's request for default judgment is GRANTED. Plaintiff is awarded $60,000 in default judgment, in addition to post-judgment interest at the federal statutory rate. Plaintiff's request for an injunction is also GRANTED. Plaintiff is *sua sponte* granted leave to seek attorney's fees.

The Court will issue a separate Default Judgment consistent with this Opinion. Plaintiff is directed to mail a copy of this Opinion to Defendant and to file proof of service.

Dated:   September 12, 2022
         White Plains, New York

_____
        NELSON S. ROMÁN
     United States District Judge